UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONIA McCAFFREE,

    Plaintiff,

vs.                                                No. _____

FARMERS INSURANCE COMPANY OF ARIZONA, and RAMON CHAVEZ,

    Defendants.

## NOTICE OF REMOVAL

    Defendants Farmers Insurance Company of Arizona (Farmers) and Ramon Chavez (Chavez), by and through their counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby give notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Farmers states the following:

    1.    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants hereby give notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the First Judicial District, County of Santa Fe, State of New Mexico, styled: *Sonia McCaffree v. Farmers Insurance Company of Arizona, and Ramon Chavez*; First Judicial District Cause No. D-0101-CV-2017-01640. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

    2.    Plaintiff's *Complaint for Damages for Personal Injuries, for Uninsured Motorist Coverage, for Insurance Bad Faith, for Breach of New Mexico Insurance Code and New Mexico Unfair Trade Practices Act* (Complaint) was filed in the First Judicial District Court on June 13,

2017. *See* Exhibit "A". Summonses were issued by the First Judicial District Court to Farmers and Chavez on September 13, 2017 and October 20, 2017, respectively. Pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service of the Complaint on behalf of Farmers on October 24, 2017 and the Complaint was received by Farmers on October 27, 2017. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3.   This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4.   Defendant Farmers is a resident of the State of Arizona. Defendant Chavez is a resident of the State of Texas. Plaintiff is, upon information and belief, a resident of the State of New Mexico. *See* Exhibit "A", Complaint at ¶ 1.

5.   A reasonable estimate of the amount that will be put at issue in the course of the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

6.   This case involves an actual controversy between the parties regarding their respective rights and obligations under the applicable insurance policy. *See generally* Exhibit "A", Complaint.

---

[1]   *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

7. Plaintiff's Complaint contains eight "causes of action": (a) a claim for UM/UIM benefits; (¶¶ 23-29); (b) a claim for medical no fault payments (¶¶ 31-38); (c) a claim for violation of Unfair Trade Practices Act (¶¶ 40-43); (d) a claim for violation of the Trade Practices and Frauds Act and the Insurance Code (¶¶ 45-49); (e) a claim for insurance bad faith (¶¶ 50-53); (f) a claim for breach of the implied covenant of good faith and fair dealing (¶¶ 55-56); (g) a claim for breach of contract (¶¶ 58-61) and (g) a claim punitive damages (¶¶ 62-64). *See generally* Exhibit "A", Complaint at noted paragraphs.

8. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because Plaintiff seeks uninsured motorist policy benefits, medical payments policy benefits, actual damages, compensatory damages, punitive damages, and exemplary damages.

9. The bodily damages claimed as a result of the subject accident, which Plaintiff claims Farmers owes in uninsured motorist and medical payments benefits, combined with the damages claimed as a result of the alleged breach of contract, bad faith, and statutory violations, likely exceed the minimum jurisdictional limit. In addition to any policy benefits recovered, if Plaintiff prevails on her claims for breach of contract, common law bad faith, and statutory violations, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1716 (incidental and consequential loss damages); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-30 (permitting an award of attorneys' fees where an insurer has willfully

engaged in a violation of § 59A-16-20 and mandating costs to the prevailing party); and UJI 13-1718 NMRA (providing recovery of punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured).

10. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010). Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

11. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Farmers submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

12. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the First Judicial District Court, County of Santa Fe, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Courtenay L. Keller (electronically filed)*
**COURTENAY L. KELLER**
*Attorneys for Defendant Farmers Insurance Company of Arizona and Ramon Chavez*
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of November, 2017, I caused the foregoing to be electronically filed through the Court's electronic filing system, which caused the following counsel to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the 22nd day of November, 2017 to the following counsel of record:

Scott Voorhees
PO Box 6340
Santa Fe, NM 87502
(505) 820-3302
voorhees@cybermesa.com

By: */s/ Courtenay L. Keller (electronically filed)*
**COURTENAY L. KELLER**