FILED IN MY OFFICE
DISTRICT COURT CLERK
6/13/2017 2:36:39 PM
STEPHEN T. PACHECO
Ginger Sloan

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

D-101-CV-2017-01640

SONIA MCCAFFREE,

Case assigned to Mathew, Francis J

    Plaintiff,

v.

FARMERS INSURANCE COMPANY
OF ARIZONA, and RAMON CHAVEZ,

    Defendants.

### COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, FOR UNINSURED MOTORIST COVERAGE, FOR INSURANCE BAD FAITH, FOR BREACH OF NEW MEXICO INSURANCE CODE AND NEW MEXICO UNFAIR TRADE PRACTICES ACT

COMES NOW Plaintiff, Sonia McCafffree, through counsel, the Voorhees Law Firm, Scott F. Voorhees, and for cause of action against Defendants, alleges as follows.

1. Plaintiff Sonia McCaffree is a resident of Santa Fe County, State of New Mexico, and has been at all times relevant hereto

2. Defendant Farmers Insurance Company of Arizona (hereinafter "Farmers") is a foreign corporation licensed to do business and doing business in the State of New Mexico

3. Defendant Ramon Chavez is an insurance adjuster licensed in the State of New Mexico and employed by Defendant Farmers to adjust claims in New Mexico and was acting within the course and scope of his employment at all times relevant hereto   Defendant Farmers is liable to Ms. McCaffree for all acts and omissions of Ramon Chavez on the basis of respondeat superior

4. All acts and omissions complained of herein occurred in the State of New Mexico

5. Jurisdiction and venue are proper in this court



EXHIBIT A

6. Ms McCaffree purchased an automobile insurance policy from Defendant Farmers Insurance Company of Arizona which was in effect at all times relevant hereto The Farmers Insurance Policy provided uninsured/underinsured motorist bodily injury coverage in the amount of thirty thousand dollars ($30,000.00) which provided her coverage for injuries and damages suffered through the acts or omissions of uninsured/under-insured motorists

7 The Farmers Insurance Policy also provided Medical/No-Fault coverage in the amount of one hundred thousand dollars ($100,000 00) which provided coverage for accident related medical treatment for up to two years after an accident

8 On or about March 30, 2012 Sonia McCaffree drove into the Santa Fe Community Convention Center Municipal Garage located at 119 South Federal Place in Santa Fe, New Mexico. As she drove down the ramp to the underground parking area another car entered the garage and sped down the ramp and drove up next to her as though trying to beat her into the parking area and forcing her into the oncoming lane of traffic as she made the right turn from the entry ramp into the parking area

9 As Ms McCaffree entered the parking area she was confronted by a car exiting the parking area in the same lane she was in The car that forced her into the oncoming lane blocked her from moving to the right Ms McCaffree swerved to the left to avoid a collision with the oncoming car and struck a support pillar The car that forced her into the oncoming lane then fled Ms McCaffree's Nissan Pathfinder was a total loss as a result of the collision

10  The collision was caused in whole or in part by the phantom or unknown vehicle  Under the terms of the Farmers insurance policy, the phantom or unknown vehicle is treated as an uninsured vehicle

11  As a result of the collision Ms  McCaffree was entitled to uninsured motorist coverage under her insurance policy issued to her by Defendant Farmers

12  As a result of the accident Ms  McCaffree made an uninsured motorist coverage claim with Defendant Farmers based on the accident   Ms  McCaffree provided Defendant Farmers with an explanation of the accident and a diagram of how the accident occurred  Although Ms  McCaffree's explanation and diagram of the accident put Defendant Farmers on notice that the wreck was caused in whole or in part by a phantom or unknown vehicle, Defendant Farmers denied the uninsured motorist claim

13  On April 23, 2012 Defendant Farmers informed Ms  McCaffree that she had $100,000 00 in medical payments coverage for services incurred within two years of the accident and that she could seek treatment from the physician of her choice

14  Ms  McCaffree sustained bodily injuries in the collision and received physical therapy, chiropractic treatment and massage therapy treatment for her injuries  Ms  McCaffree made a claim on the Medical/No-Fault coverage in her Defendant Farmers insurance policy

15  Ms  McCaffree sought and received medical treatment with the understanding that the treatment would be paid for by her one hundred thousand dollar Medical/No-Fault coverage

16  On March 26, 2014 Defendant Farmers, through Ramon Chavez, informed Ms  McCaffree that her medical records were being reviewed and that Defendant Farmers

would not consider reimbursement for any pending or future billing until the review was complete

17. On April 16, 2014 Ramon Chavez informed Ms McCaffree that Defendant Farmers required her to undergo a medical examination performed by a doctor hired and paid by Defendant Farmers In the April 16, 2014 letter Ramon Chavez misrepresented the nature of the examination, referring to it as an "Independent" examination when he knew that the physician performing the examination was employed and paid by Defendant Farmers and was not "independent"

18. Ms McCaffree attended the medical examination on June 19, 2014 performed by Stephen Perlstein, DC Dr Perlstein prepared a report on June 20, 2014 stating that in his opinion Ms. McCaffree had reached maximum medical improvement on March 6, 2013

19. On July 9, 2014 Ramon Chavez sent Ms McCaffree a letter informing her that, based on the medical examination, she "should have reached maximum medical improvement by March 6, 2013"

20. Ramon Chavez further informed Ms McCaffree that bills from Windy Carter, DC for service from June 13, 2013 to March 26, 2014 totaling $5,607 38 would not be paid Chavez also informed Ms McCaffree that bills from Therapy Solutions for services provided between March 4, 2014 and March 25, 2014 totaling $1,045 00 would not be paid All medical expenses Defendant Farmers refused to pay were incurred before Ms McCaffree underwent the medical examination

21. Defendant Farmers' decision, through Ramon Chavez, left Ms McCaffree $6,652 35 in debt and unable to obtain medical care

## COUNT I
## CLAIM FOR UM/UIM BENEFITS

22. Plaintiff realleges paragraphs one through twenty-one as though fully set forth herein

23. Defendant Farmers entered into a contract of insurance with Ms McCaffree under which Defendant Farmers agreed to pay for damages caused by the negligence of an uninsured motorist. The insurance contract was valid and in effect on the date of the accident

24. The driver of the unknown or phantom vehicle was negligent in ways including, but not limited to, the following

    a. In failing to keep proper control of the vehicle,

    b. In driving too fast for conditions; and

    c. In forcing Ms McCaffree to drive into the lane of oncoming traffic

25. As a direct and proximate result of the negligence of the driver of the phantom or unknown vehicle Ms. McCaffree sustained personal injuries, incurred medical expenses, lost household services and endured pain and suffering and loss of enjoyment of life

26. The actions of the driver of the phantom or unknown vehicle were willful, wanton and done with the complete disregard for the safety and wellbeing of others and warrant an award of punitive damages.

27. Defendant Farmers failed to adequately investigate the accident to determine that a phantom vehicle was involved, or failed to inform Ms McCaffree that her insurance policy provided coverage for the accident

28. Defendant Farmers breached the insurance contract when it denied Ms McCaffree insurance coverage she had paid for and was entitled to under her insurance policy.

29. As a direct and proximate result of Defendant Farmers' breach of contract Ms McCaffree has suffered financial damages

## COUNT II
## CLAIM FOR MEDICAL NO FAULT PAYMENTS

30  Plaintiff realleges paragraphs one through twenty-nine as though fully set forth herein.

31  Ms McCaffree purchased Medical/No-Fault insurance coverage in the amount of one hundred thousand dollars as part of her Farmers policy

32  Defendant Farmers informed Ms. McCaffree that she could obtain treatment from the physicians of her choice in the two years following the accident for a cost up to one hundred thousand dollars

33  Ms McCaffree relied on the representations made by Defendant Farmers and obtained treatment for her injuries.

34  Defendant Ramon Chavez required Ms McCaffree to have a medical examination performed by a chiropractor hired by and paid by Defendant Farmers Defendant Ramon Chavez misrepresented the examination to Ms McCaffree as being "independent"

35  Defendant Ramon Chavez obtained a report from Dr Perlstein that said Ms. McCaffree "should have reached maximum medical improvement by March 6, 2013"

36  Defendant Ramon Chavez, acting in the course and scope of his employment with Defendant Farmers, used the report as an excuse to refuse to pay the medical payments coverage that Ms. McCaffree was entitled to

37  Defendant Ramon Chavez refused to pay medical bills in the amount of $6,652 35 that had been incurred before Ms McCaffree underwent the examination

38  The actions of Defendant Ramon Chavez left Ms McCaffree in debt and unable to obtain medical care

## COUNT III
## VIOLATION OF UNFAIR TRADE PRACTICES ACT

39. Plaintiff realleges paragraphs one through thirty-eight as though fully set forth herein

40. There was in effect at all times material a state statute known as the New Mexico Unfair Trade Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 to -22 (1967, as amended), including but not limited to those subsections in Section 57-12-2(D)(7), (D)(15), (D)(17) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices.

> D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Trade Practices Act [Chapter 57, Article 12 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead and includes but is not limited to:
>
> (7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;
>
> (15) stating that a transaction involves rights, remedies or obligations that it does not involve;
>
> (17) failure to deliver the quality or quantity of goods or services contracted for;
> and
> E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services,

including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

> takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

> results in a gross disparity between the value received by a person and the price paid

41. Defendant Farmers failed to deliver the quality or quantity of services contracted for by Ms. McCaffree by failing to afford insurance benefits under the UM/UIM coverage of her policy and the Medical/NoFault coverage of her policy.

42. Defendant Farmers, acting through its employees including Defendant Ramon Chavez, knowingly and willfully engaged in unfair trade practices prohibited under Section 57-12-3, including but not limited to those subsections in Section 57-12-2(D)(7), (D)(15), (D)(17) and Section 57-12-2(E).

43 Defendant Farmers practices as described herein have resulted in damages to Plaintiff in an amount to be proven at trial and warrant the imposition of punitive or exemplary damages provided by statute and/or common law.

## COUNT IV
## VIOLATION OF THE TRADE PRACTICES AND FRAUDS ACT AND THE INSURANCE CODE

44 Plaintiff realleges paragraphs one through forty-three as though fully set forth herein

45 There was in effect at all times material a state statute known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -

30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (A), (B), (C), (E), (G) and (N), which prohibits the following unfair claims practices

- A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue,

- B failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies,

- C failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies,

- E not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear,

  . . .

- G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such have made claims for amounts reasonably similar to amounts ultimately recovered,

  . . .

- N failing to promptly provide an insured with a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement

46. The actions of Defendant Farmers, as set forth above, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (A), (B), (C), (E), (G) and (N)

47 Defendant Farmers as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant

(a)     has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person, or

(b)     without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim

48  Defendant Farmers' acts, omissions, policies and conduct in violating the New Mexico Trades Practices, Frauds Act, and the New Mexico Insurance Code has damaged Plaintiff in an amount to be proven at trial and warrant the imposition of punitive or exemplary damages provided by statute and/or common law

## COUNT V
## INSURANCE BAD FAITH

49  Plaintiff realleges paragraphs one through forty-eight as though fully set forth herein

50  The actions of Defendant Farmers, as set forth above, constitute a denial and/or unreasonable delay in payment of uninsured motorist benefits.

51  Defendant Farmers denial and/or unreasonable delay were undertaken for reasons that were frivolous or unfounded

52  Additionally, Defendant Farmers, as set forth herein, has breached its duty to act honestly and in good faith in the performance of the insurance contract by failing to timely evaluate and pay Ms. McCaffree's claim.

53  Defendant Farmers' conduct, as set forth herein, was undertaken in a willful, wanton and reckless manner causing damage to Ms McCaffree in an amount to be proven at trial, and warrant the imposition of punitive or exemplary damages provided by statute and/or common law

## COUNT VI
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54 Plaintiff realleges paragraphs one through fifty-three as though fully set out herein

55 In issuing insurance policies to Plaintiff and adjusting claims Defendant Farmers had a duty to act in good faith and to treat its policyholders in a fair manner, and to give equal consideration to its insureds' interests as to its own, and to act honestly, both in fact and in law in these dealings

56 In undertaking the wrongful acts described herein, Defendant Farmers has breached its duty of good faith and fair dealing, causing damage to Plaintiff in an amount to be proven at trial, and warrant the imposition of punitive or exemplary damages provided by statute and/or common law

## COUNT VII
## BREACH OF CONTRACT

57 Plaintiff realleges paragraphs one through fifty-six as though fully set forth herein

58. By issuing the policy at issue to Ms McCaffree, Defendant Farmers entered into a contract with her.

59 By engaging in the conduct alleged herein, Defendant Farmers breached its contractual obligations to Ms. McCaffree.

60. Ms McCaffree has complied with all conditions precedent to its contract with Defendant Farmers.

61. Defendant Farmers' breach of its contractual obligations to Plaintiff has damaged Plaintiff in an amount to be proven at trial

## COUNT VIII
## PUNITIVE DAMAGES

62. Plaintiff realleges paragraphs one through sixty-one as though fully set forth herein

63. Defendant Farmers conduct described herein was willful, wanton and in reckless disregard for Ms.McCaffree's rights warranting the imposition of punitive damages in order to punish Defendants and to deter Defendants and others from such conduct in the future

64. Plaintiff requests the imposition of punitive or exemplary damages in order to punish Defendant Farmers' conduct and to deter Defendant Farmers and others from such conduct in the future

Voorhees Law Firm

_/s/ Scott F. Voorhees_
Scott F Voorhees
P.O Box 6340
Santa Fe, New Mexico 87502
505 820 3302
voorhees@cybermesa com

VOORHEES LAW FIRM, P.C.
ATTORNEYS AT LAW

PO Box 6340, Santa Fe, NM 87502

7016 2710 0000 2562 6630

$7.19 US POSTAGE
FIRST-CLASS
OCT 20 2017
Mailed from ZIP 87505

endicia com   071V00838959

Ramon Chavez, Med/PIP Claim Representative
Farmers Insurance Co of Arizona
National Document Center
PO Box 268993
Oklahoma City, OK 73126-8993

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/13/2017 12:58:17 PM
STEPHEN T. PACHECO
Jennifer Romero

| | |
|---|---|
| **SUMMONS** | |
| First Judicial District Court<br>Santa Fe County, New Mexico<br>Court Address:<br>P.O. Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-0101-CV-2017-01640<br><br>Assigned Judge:<br>Francis J. Mathew |
| Plaintiff(s):<br>SONIA MCCAFFREE,<br>v.<br>Defendant(s):<br>FARMERS INSURANCE<br>COMPANY OF ARIZONA,<br>and RAMON CHAVEZ. | To Defendant:<br><br>Farmers Insurance Co. of Arizona<br>c/o Office of Superintendent of Insurance<br>Service of Process<br>P.O. Box 1689<br>Santa Fe, New Mexico 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

**1.** A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.** You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5**. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at     Santa Fe          , New Mexico, this  13  day of September , 20 17  .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: *Jennifer Romero*
       Deputy

/s/ Scott F. Voorhees
Signature of Attorney for Plaintiff/Pro Se Party
Name: Scott F. Voorhees
Address: PO Box 6340, Santa Fe, NM 87502
Telephone No.: (505) 820-3302
Fax No.:(505) 820-3310
Email Address: voorhees@cybermesa.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO  )
                     )ss.
COUNTY OF SANTA FE   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____, (*title of person authorized to receive service.  Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this \_\_\_\_\_ day of _____, \_\_\_\_\_ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

| SUMMONS ||
|---|---|
| First Judicial District Court<br>Santa Fe County, New Mexico<br>Court Address:<br>P.O Box 2268 / 225 Montezuma Avenue<br>Santa Fe, New Mexico   87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:<br>D-0101-CV-2017-01640<br><br>Assigned Judge:<br>Francis J. Mathew |
| Plaintiff(s):<br>SONIA MCCAFFREE,<br>v.<br>Defendant(s)<br>FARMERS INSURANCE COMPANY OF ARIZONA,<br>and RAMON CHAVEZ. | To Defendant:<br><br>Ramon Chavez, Med/PIP Claim Rep.<br>c/o Farmers Insurance Co of Arizona<br>National Document Center<br>P.O. Box 268993<br>Oklahoma City, OK 73126-8993 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at   Santa Fe           , New Mexico, this 20th day of   October  , 20 17 .

STEPHEN T PACHECO
CLERK OF DISTRICT COURT

By: _____
       Deputy

/s/ Scott F Voorhees
Signature of Attorney for Plaintiff/Pro Se Party
Name: Scott F. Voorhees
Address: PO Box 6340, Santa Fe, NM 87502
Telephone No.: (505) 820-3302
Fax No.:(505) 820-3310
Email Address: voorhees@cybermesa.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO )
                               )ss.
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (name of person), _____, (title of person authorized to receive service   Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title