IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONIA McCAFFREE,

    Plaintiff,                                           Cause No. 1:17-cv-01162/KBM-JHR

vs.

FARMERS INSURANCE COMPANY OF ARIZONA and RAMON CHAVEZ,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Farmers Insurance Company of Arizona (Farmers) and Ramon Chavez (Chavez), by and through their attorneys, Riley, Shane & Keller, P.A. (Courtenay L. Keller), submit their Answer to Plaintiff's Complaint for Damages for Personal Injuries, for Uninsured Motorist Coverage, for Insurance Bad Faith, for Breach of New Mexico Insurance Code and New Mexico Unfair Trade Practices Act (Complaint) as follows:

## RESPONSE TO ALLEGATIONS

These Defendants respond to the allegations in the Complaint as follows:

1. These Defendants have insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 1, and, therefore, deny same and demand strict proof thereof.

2. In response to paragraph 2, these Defendants admit Farmers Insurance Company of Arizona is a foreign insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico.

3. These Defendants admit, at all material times, Chavez was licensed by the State of New Mexico as an insurance adjuster, was employed to adjust insurance claims on behalf of Farmers, and at all material times, was acting in the course and scope of his employment. These Defendants have insufficient information upon which to form a belief as to the truth of the

remaining allegations in paragraph 3, and, therefore, deny same and demand strict proof thereof.

4. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 4, and, therefore, deny same and demand strict proof thereof.

5. The assertions in paragraph 5 constitute legal conclusions, not allegations of fact, which these Defendants are not obligated to admit or deny. These Defendants admit that jurisdiction and venue are proper in this Court. To the extent a further response is required, these Defendants deny same.

6. In response to paragraph 6, these Defendants admit that Farmers issued an auto policy (No. 16 159274752) to its named insured, Sonia McCaffree, which was in effect from 11/21/11 to 05/24/12 and further admits the policy speaks for itself. These Defendants deny the remaining allegations in paragraph 6 to the extent they are inconsistent with the policy.

7. In response to paragraph 7, these Defendants admit that Farmers issued an auto policy (No. 16 159274752) to its named insured, Sonia McCaffree, which was in effect from 11/21/11 to 05/24/12 and further admits the policy speaks for itself. These Defendants deny the remaining allegations in paragraph 7 to the extent they are inconsistent with the policy.

8. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8, and, therefore, deny same and demand strict proof thereof.

9. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 9, and, therefore, deny same and demand strict proof thereof.

10. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 10, and, therefore, deny same and demand strict proof

thereof.

11. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 11, and, therefore, deny same and demand strict proof thereof.

12. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 12, and, therefore, deny same and demand strict proof thereof.

13. In response to paragraph 13, these Defendants admit Plaintiff was contacted by Farmers concerning the availability of policy benefits under the medical payments part of the policy, but have insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 13, and, therefore, deny same and demand strict proof thereof.

14. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14, and, therefore, deny same and demand strict proof thereof.

15. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 15, and, therefore, deny same and demand strict proof thereof.

16. In response to paragraph 16, these Defendants admit that Chavez sent a letter to Plaintiff dated March 26, 2014, and further admit the letter speaks for itself. These Defendants deny the remaining allegations in paragraph 16 to the extent they are inconsistent with the letter.

17. In response to paragraph 17, these Defendants admit that Chavez sent a letter to Plaintiff dated April 16, 2014, and further admit the letter speaks for itself. These Defendants deny the remaining allegations in paragraph 17 to the extent they are inconsistent with the letter.

18. These Defendants have insufficient information upon which to form a belief as to

the truth of the allegations in paragraph 18, and, therefore, deny same and demand strict proof thereof.

19. In response to paragraph 19, these Defendants admit that Chavez sent a letter to Plaintiff dated July 9, 2014, and further admit the letter speaks for itself. These Defendants deny the remaining allegations in paragraph 19 to the extent they are inconsistent with the letter.

20. In response to paragraph 20, these Defendants admit that Chavez sent a letter to Plaintiff dated July 9, 2014, and further admit the letter speaks for itself. These Defendants deny the remaining allegations in paragraph 20 to the extent they are inconsistent with the letter.

21. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 21, and, therefore, deny same and demand strict proof thereof.

22. Paragraph 22 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 22.

23. In response to paragraph 23, these Defendants admit that Farmers issued an auto policy (No. 16 159274752) to its named insured, Sonia McCaffree, which was in effect from 11/21/11 to 05/24/12 and further admits the policy speaks for itself. These Defendants deny the remaining allegations in paragraph 23 to the extent they are inconsistent with the policy.

24. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 24, and, therefore, deny same and demand strict proof thereof.

25. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 25, and, therefore, deny same and demand strict proof thereof.

26. These Defendants have insufficient information upon which to form a belief as to

the truth of the allegations in paragraph 26, and, therefore, deny same and demand strict proof thereof.

27. These Defendants deny the allegations in paragraph 27 and, therefore, demand strict proof thereof.

28. These Defendants deny the allegations in paragraph 28 and, therefore, demand strict proof thereof.

29. These Defendants deny the allegations in paragraph 29 and, therefore, demand strict proof thereof.

30. Paragraph 30 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 30.

31. In response to paragraph 31, these Defendants admit that Farmers issued an auto policy (No. 16 159274752) to its named insured, Sonia McCaffree, which was in effect from 11/21/11 to 05/24/12 and further admits the policy speaks for itself. These Defendants deny the remaining allegations in paragraph 31 to the extent they are inconsistent with the policy.

32. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 32, and, therefore, deny same and demand strict proof thereof.

33. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 33, and, therefore, deny same and demand strict proof thereof.

34. These Defendants deny the allegations in paragraph 34 and, therefore, demand strict proof thereof.

35. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 35, and, therefore, deny same and demand strict proof

thereof.

36.    These Defendants deny the allegations in paragraph 36 and, therefore, demand strict proof thereof.

37.    These Defendants deny the allegations in paragraph 37 and, therefore, demand strict proof thereof.

38.    These Defendants deny the allegations in paragraph 38 and, therefore, demand strict proof thereof.

39.    Paragraph 39 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 39.

40.    These Defendants deny the assertions in paragraph 40 concerning the applicability of the Unfair Practices Act in this case to the extent those assertions are inconsistent with New Mexico law. These Defendants deny the remaining allegations in paragraph 40 and, therefore, demand strict proof thereof.

41.    These Defendants deny the allegations in paragraph 41 and, therefore, demand strict proof thereof.

42.    These Defendants deny the allegations in paragraph 42 and, therefore, demand strict proof thereof.

43.    These Defendants deny the allegations in paragraph 43 and, therefore, demand strict proof thereof.

44.    Paragraph 44 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 44.

45.    These Defendants deny the assertions in paragraph 45 concerning the applicability of Article 16 of the Insurance Code (the Unfair Claims Practices Act) in this case to the extent those assertions are inconsistent with New Mexico law. These Defendants deny the remaining

allegations in paragraph 45 and, therefore, demand strict proof thereof.

46. These Defendants deny the allegations in paragraph 46 and, therefore, demand strict proof thereof.

47. These Defendants deny the allegations in paragraph 47 and, therefore, demand strict proof thereof.

48. These Defendants deny the allegations in paragraph 48 and, therefore, demand strict proof thereof.

49. Paragraph 49 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 49.

50. These Defendants deny the allegations in paragraph 50 and, therefore, demand strict proof thereof.

51. These Defendants deny the allegations in paragraph 51 and, therefore, demand strict proof thereof.

52. These Defendants deny the allegations in paragraph 52 and, therefore, demand strict proof thereof.

53. These Defendants deny the allegations in paragraph 53 and, therefore, demand strict proof thereof.

54. Paragraph 54 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 54.

55. These Defendants deny the assertions in paragraph 55 concerning duties owed to Plaintiff to the extent those assertions are inconsistent with the Farmers policy and New Mexico law. These Defendants deny the remaining allegations in paragraph 55 and, therefore, demand strict proof thereof.

56. These Defendants deny the allegations in paragraph 56 and, therefore, demand strict

proof thereof.

57. Paragraph 57 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 57.

58. In response to paragraph 58, these Defendants admit that Farmers issued an auto policy (No. 16 159274752) to its named insured, Sonia McCaffree, which was in effect from 11/21/11 to 05/24/12 and further admits the policy speaks for itself. These Defendants deny the remaining allegations in paragraph 58 to the extent they are inconsistent with the policy.

59. These Defendants deny the allegations in paragraph 59 and, therefore, demand strict proof thereof.

60. These Defendants have insufficient information upon which to form a belief as to the truth of the allegations in paragraph 60, and, therefore, deny same and demand strict proof thereof.

61. These Defendants deny the allegations in paragraph 61 and, therefore, demand strict proof thereof.

62. Paragraph 62 contains mere surplusage to which no response is required. To the extent a response is required, these Defendants deny the allegations in paragraph 62.

63. These Defendants deny the allegations in paragraph 63 and, therefore, demand strict proof thereof.

64. These Defendants deny the allegations in paragraph 64 and, therefore, demand strict proof thereof.

65. These Defendants deny all wrongdoing and that Plaintiff is entitled to the relief sought in her prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice as a matter of law.

2. Plaintiff's claims are barred because Farmers fully performed and continues to perform its obligations under the contract of insurance applicable to the claims alleged herein.

3. Plaintiff's claims are barred because Farmers acted in good faith and dealt fairly with its insured at all times material to the claims alleged herein.

4. Plaintiff's claims are barred because Farmers acted reasonably under the circumstances in this case.

5. Plaintiff's claims are barred because Farmers' reasons for not paying Plaintiff's claim are reasonable under the terms of the applicable policy and are neither frivolous nor unfounded.

6. These Defendants have complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

7. Plaintiff's claims are barred insofar as it has failed to comply with its obligations under the terms and conditions of the applicable policy.

8. Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as it has failed to meet one or more conditions precedent under the applicable policy.

9. Plaintiff's claims may be barred by the terms, conditions, definitions, and/or exclusions contained in the applicable policy.

10. Plaintiff's claims are barred insofar as it seeks damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to well-established New Mexico law.

11. Plaintiff's claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

12. Plaintiff may be liable to these Defendants under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiff knowingly brought a groundless action.

13. Plaintiff's claims for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

14. Plaintiff's claims are barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

15. Plaintiff's claims may be barred by the applicable statute of limitations, statute of repose, and the doctrine of laches.

16. Plaintiff's damages may be barred or reduced to the extent it fails or has failed to mitigate its damages.

## JURY DEMAND

Defendants hereby demand a 12-person jury.

Any allegation contained in the Complaint to which a sufficient response has not been made is hereby denied.

These Defendants do not know which, if any, additional affirmative defenses may apply. These Defendants have not knowingly or intentionally waived any affirmative defenses. These Defendants reserve the right to amend their Answer, to assert cross-claims and/or counterclaims, and to adopt and assert any additional defense of which they may learn through discovery.

WHEREFORE, Defendants Farmers Insurance Company of Arizona and Ramon Chavez, having responded to Plaintiff's Complaint in full, respectfully request that the Court enter an order of dismissal with prejudice, award their costs and fees, and grant such other and further relief as may be just and proper.

       Submitted by:

       RILEY, SHANE & KELLER, P.A.

       By: */s/Courtenay L. Keller (filed electronically)*
           COURTENAY L. KELLER
           3880 Osuna Rd., NE
           Albuquerque, NM 87109
           (505) 883-5030
            *Attorneys for Defendants*
           ckeller@rsk-law.com

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that on the 22nd day of January, 2018, I caused the foregoing to be electronically filed through the Court's electronic filing system, which caused the following counsel to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the 22nd day of January, 2018 to the following counsel of record:

    Scott Voorhees
    PO Box 6340
    Santa Fe, NM 87502
    (505) 820-3302
    voorhees@cybermesa.com

By: */s/ Original signed by Courtenay L. Keller*
     **COURTENAY L. KELLER**